[No. 6,688.—Department Two.]

## AMELIA L. TURNER v. J. B. MAHONEY.

FINDINGS—ULTIMATE FACT.—In an action upon a judgment and upon promissory notes, the Court found that no part of the judgment had ever been appealed from, set aside, or paid, and that the balance of said notes, after deducting certain payments, remained unpaid. *Held*, that these findings were equivalent to a specific finding that the amount of said judgment, and of the balance of said notes was due.

ID.—CONFLICT OF EVIDENCE.—In the same action, the Court, having found that the notes were not given or received in satisfaction of any part of the judgment, *held*, that the evidence was conflicting, and that the finding would not be disturbed.

APPEAL from a judgment for the plaintiff, and from an order denying a new trial, in the Fifth District Court, County of Stanislaus. BOOKER, J.

Action upon a judgment recovered May 17th, 1871, by the plaintiff, Amelia L. Turner, then Mahoney, against the defend-

ant, for the dissolution of the bonds of matrimony, theretofore existing between them, and for the sum of $50, attorney's fee; $56.25, costs; and $75 semi-annually for each of two minor children; and upon two promissory notes, of date October 2nd, 1873, payable November 17th, 1874, the one for $750, and the other for $45; the former bearing legal interest from November 17th, 1873, and the latter from date.

*W. L. Dudley,* and *Terry & McKinne,* for Appellant.

There is no direct finding that any sum of money was due from the defendant to the plaintiff. (*Breeze* v. *Doyle,* 19 Cal. 101; *Le Clert* v. *Oullahan,* 52 id. 252.)

There was no substantial conflict in the evidence as to the fact that the note for the $750 was given for the money due on the judgment.

*Byers & Elliott,* for Respondents.

The evidence was conflicting. (*Wakefield* v. *Bouton,* 55 Cal. 109; *Myers* v. *Spooner,* id. 257.)

MYRICK, J. :

Appellant makes two points; viz., 1st. That there is no direct finding that any sum of money was due from defendant to plaintiff. 2nd. That the second finding is against the evidence.

First.—The Court finds the fact of the judgment, and "that no part of said judgment and decree has ever been appealed from, set aside, or paid." The Court also finds the execution and delivery of the promissory notes, the amounts paid thereon, and "that the balance of said notes, with the interest thereon, remains unpaid." It seems to us that these findings are sufficient. If a judgment has been rendered against A, and if that judgment has never been appealed from, set aside, or paid, it follows that the amount of it is due. So as to the promissory notes. The above findings are equivalent to a specific finding that the amount is due.

Second.—The plaintiff testified: "I had no agreement with the defendant to take his note in payment of this decree; he said he would pay me the amount he owed me, *and give me more*

*too ;* and he gave me this note as a present." This evidence was in conflict with the evidence of defendant, and the Court below decided between them. Such decision will not be reviewed here. The consideration for the present might well be the support plaintiff was rendering to the daughters of the parties.

The demurrer should have been sustained as to the items $50, $66.25, and $37.50, it appearing on the face of the complaint that they were barred by the Statute of Limitations; but as the Court, in its findings, found that those items were barred, and excluded them from the judgment, no harm has arisen to defendant.

Judgment and order affirmed.

SHARPSTEIN. J., and THORNTON, J., concurred.